**FILED**

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 NOV -9  P 1:42

CLERK, US DISTRICT COURT

KELLEE CARMAN,

    Plaintiff,

v.

CASE NO.

3:09-cv-1099-J-34HTS

ACCOUNTS RECEIVABLE MANAGEMENT
OF FLORIDA,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, KELLEE CARMAN ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ACCOUNTS RECEIVABLE MANAGEMENT OF FLORIDA, alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT      1

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the City of Chittenden, State of Vermont.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Jacksonville, County of Duval, State of Florida.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacted Plaintiff at telephone number (802) 598-4960. Defendant contacted Plaintiff from telephone number (877) 726-8505.

13. Defendant's agent, Mr. Kelly (at extension 224) talked to Plaintiff in an abusive and harassing manner. When Plaintiff answered the telephone and told Mr. Kelly that she could not talk because she had a meeting, and asked that she place him on hold, Mr. Kelly stated to her that she could not put him on hold. Further, Mr.

Kelly stated to Plaintiff that she committed fraud and that she has been red flagged.

14. Defendant called Plaintiff at her work, despite being told not to call Plaintiff at her work.

15. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the alleged debt.

16. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity.

17. Defendant failed to send Plaintiff a debt validation letter regarding the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

b) Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect and alleged debt.

c) Defendant violated *§1692d(2)* of the FDCPA by using abusive language when speaking to Plaintiff.

d) Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

e) Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the

debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.
20. Actual damages.
21. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.
22. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.
23. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/Matthew Kiverts
Matthew Kiverts
Krohn & Moss, Ltd
120 W Madison St, 10th Floor
Chicago, IL 60602
Phone: (312) 578-9428 ext. 203
Fax: (866) 431-5576
Attorney for Plaintiff
FBN: 0013143

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KELLEE CARMAN hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VERMONT)

Plaintiff, KELLEE CARMAN, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KELLEE CARMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/2/09

_____
KELLEE CARMAN
Plaintiff